RECORD NO. 13-4980

In The

# United States Court of Appeals

## For The Fourth Circuit

UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

CHRISTOPHER WAYNE WILLIAMS,

*Defendant – Appellant*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS

_____

BRIEF OF APPELLANT

_____

Charles T. Berry
ATTORNEY AT LAW
Post Office Box 5023
Fairmont, West Virginia 26554
(304) 363-3564

*Counsel for Appellant*

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... ii

JURISDICTIONAL STATEMENT ..........................................................1

STATEMENT OF THE ISSUES PRESENTED ........................................2

    Preface ............................................................................................2

STATEMENT OF THE CASE ..................................................................3

    Statement of the Facts ....................................................................5

SUMMARY OF ARGUMENT ..................................................................9

ARGUMENT ............................................................................................10

    ISSUE 1.    APPELLANT'S COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE ...............................10

        Standard of Review ..................................................................10

        Discussion of the Issue............................................................10

    ISSUE 2.    APPELLANT'S OBJECTIONS TO THE PSR WERE NOT CONSIDERED AT SENTENCING ...............................14

        Standard of Review ..................................................................14

        Discussion of the Issue............................................................15

CONCLUSION ........................................................................................17

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Anders v. California,
386 U.S. 738 (1967)........................................................................2, 13, 15, 17

Evitts v. Lucey,
469 U.S. 387 (1995)........................................................................13, 15

Fields v. Attorney Gen. of Md.,
956 F.2d 1290 (4th Cir. 1992) ............................................................11, 12

Hill v. Lockhart,
474 U.S. 52 (1985)........................................................................12

Hooper v. Garraghty,
845 F.2d 471 (4th Cir. 1988) ........................................................12

Hudson v. Hunt,
235 F.3d 892 (4th Cir. 2000) ........................................................14

Jones v. Barnes,
463 U.S. 745 (1983)........................................................................13, 15

Roe v. Flores-Ortega,
528 U.S. 470 (2000)........................................................................14

Strickland v. Washington,
466 U.S. 668 (1984)........................................................................10, 11, 12

United States v. Alerre,
430 F.3d 681 (4th Cir. 2005) ........................................................13

United States v. Baldovinos,
434 F.3d 233 (4th Cir. 2006) ........................................................10, 11, 13

United States v. Brewer,
    1 F.3d 1430 (4th Cir. 1993) ..........................................................16

United States v. Cedelle,
    89 F.3d 181 (4th Cir. 1996) ..........................................................16

United States v. Martinez,
    136 F.3d 972 (4th Cir. 1998) ..........................................13, 14, 17

United States v. Russell,
    971 F.2d 1098 (4th Cir. 1992) ........................................13, 14, 17

United States v. Terry,
    366 F.3d 312 (4th Cir. 2004) ..............................................10, 11

United States v. Vinyard,
    266 F.3d 320 (4th Cir. 2001) ......................................................13

United States v. Walker,
    112 F.3d 163 (4th Cir. 1997) ......................................................14

## STATUTES

18 U.S.C. § 922(g)(1)..................................................................1, 3, 11

18 U.S.C. § 922(j) ..............................................................................1

18 U.S.C. § 924(a)(2)................................................................1, 3, 11

18 U.S.C. § 2255 ..............................................................11, 13, 14, 17

18 U.S.C. § 3231 ................................................................................2

18 U.S.C. § 3742 ................................................................................2

28 U.S.C. § 1291 ................................................................................2

**RULES**

Fed. R. App. P. 4(b) ................................................................................2

Fed. R. Crim. P. 32(i)(1) .......................................................................16

Fed. R. Crim. P. 32(i)(3) .......................................................................16

**GUIDELINES**

U.S.S.G. § 2K2.1(a)(4)(A) .....................................................................4

U.S.S.G. § 2K2.1(b)(1)(A) .....................................................................4

U.S.S.G. § 2K2.1(b)(4) ..........................................................................4

U.S.S.G. § 2K2.1(b)(6)(B) .....................................................................4

U.S.S.G. § 3E1.1(a) ...............................................................................4

U.S.S.G. § 3E1.1(b) ...............................................................................4

U.S.S.G., Chapter 5, Sentencing Table ................................................4

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          Appellee,

v.                                       Case No. 13-4980
                                       Criminal Action No. 2:13CR10

CHRISTOPHER WAYNE WILLIAMS,
          Appellant.

**JURISDICTIONAL STATEMENT**

      This is a direct appeal by the Defendant Christopher Wayne Williams ("Williams") from his criminal conviction and final order in a Federal criminal case. Defendant Williams was charged in a multi-count Indictment, on March 19, 2013, in the Northern District of West Virginia (Elkins). Count 1 charged Williams with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count 2 charged Williams with possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Docket Entry (hereinafter D.E.) 13.

      Williams was arraigned on June 8, 2010. Williams executed a waiver of Article III Judge and changed his plea to guilty, with the benefit of a plea agreement, on April 17, 2013. By and through that plea agreement, Williams pled

guilty to Count 1 of the Indictment.  Williams was sentenced on June 25, 2013, by

Chief Judge John Preston Bailey.  A Judgment Order was entered on July 1, 2013.

Williams alleges that he asked his attorney to file an appeal of the sentence.

However, no appeal was filed.  Later, on December 15, 2013, Williams wrote to

this Court to inquire regarding the status of his appeal.  That letter was filed on

December 19, 2013, and the letter was construed as Williams' notice of appeal.

Because Count 1 constitutes an offense against the United States, the district court

had original jurisdiction pursuant to 18 U.S.C. § 3231.  Appellate jurisdiction is

conferred upon the United States Court of Appeals for the Fourth Circuit under 28

U.S.C. § 1291 and Federal Rule of Appellate Procedure 4(b).  Review of the

underlying sentence is conferred under 18 U.S.C. § 3742.


**STATEMENT OF THE ISSUES PRESENTED**

    **Preface.**

    After carefully examining the record and researching the relevant law for

any violation of the United States Constitution, applicable federal statutes, the

Federal Rules of Criminal Procedure, and the United States Sentencing

Commission Guidelines, counsel has identified and briefed all arguable issues and

concluded that the appeal presents no legally non-frivolous questions.  Thus,

counsel submits this brief in accordance with Anders v. California, 386 U.S. 738

(1967).

**STATEMENT OF THE CASE**

Williams was indicted as a felon in possession of a firearm on March 19, 2013. On April 15, 2013, Williams entered into a plea agreement whereby he agreed to plead guilty to Count One of the Indictment.[1] Count One of the Indictment charges Williams with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The United States District Court accepted the plea orally on April 17, 2013, and by Order filed on April 18, 2013. The Court ordered a Presentence Report ("PSR") attendant to the guilty plea and in anticipation of sentencing. Notwithstanding a request by Williams for his attorney to file objections to the PSR, his attorney filed none. The PSR was prepared on May 28, 2013, and was disclosed on May 31, 2013. D.E. 28. There were no revisions to the PSR. Williams drafted his own *pro se* objections and forwarded them to his attorney, the probation officer and to Judge Bailey. Williams' *pro se* objections to the PSR were never addressed. Williams was sentenced on June 25, 2013. D.E. 27. A Judgment Order was entered on July 1, 2013. D.E. 29. Williams was sentenced to seventy (70) months imprisonment. D.E. 29.

---

[1]  Williams maintains that he would not have entered into the plea agreement but for his attorney telling him that if he did not accept the plea then he would be sentenced to twenty years in prison.

The base offense level for a felon in possession after having been convicted of a crime of violence is 20.[2] D.E. 28; U.S.S.G. § 2K2.1(a)(4)(A). The offense allegedly involved four firearms.[3] Because the Court found the offense to involve four firearms, the offense level was increased by two levels. D.E. 28; U.S.S.G. § 2K2.1(b)(1)(A). The offense involved stolen firearms, and two additional levels were added. D.E. 28; U.S.S.G. § 2K2.1(b)(4). The Court found that the offense involved Williams' possession of firearms in connection with another felony offense[4]. As a result of that finding, the offense level was increased by four levels. D.E. 28; U.S.S.G. § 2K2.1(b)(6)(B).

The district court determined that Williams should be sentenced at five (5) criminal history points. Five (5) criminal history points equate to a criminal history category III. D.E. 28; U.S.S.G., Chapter 5, Sentencing Table. Williams was given a reduction of two (2) offense levels for acceptance of responsibility (D.E. 28; U.S.S.G. § 3E1.1(a). An additional offense level was reduced for timely acceptance of responsibility. D.E. 28; U.S.S.G. § 3E1.1(b). Ultimately, Williams

---

[2] One of Williams' pro se objections to the PSR challenged the characterization of daytime burglary as a violent crime.

[3] One of Williams *pro se* objections to the PSR challenged the number of firearms involved.

[4] The felony offense was stealing property from people's homes. Williams also filed a pro se objection to that finding. There was no evidence presented that the value of the firearms equated to a felony offense, opposed to a misdemeanor offense. In fact, no evidence was presented regarding the alleged felony offense at all. See D.E. 40.

was sentenced at an offense level 25 and criminal history category III.  The Guidelines range for the sentence is seventy (70) to eighty-seven (87) months of incarceration. I.D.  The Plea Agreement [D.E. 24] provides that the Government would recommend a sentence at the lowest end of the Guidelines range, and the Government did make that recommendation at sentencing.  D.E. 40.  Ultimately, the Court sentenced Williams to the lowest end of the Guidelines range.  D.E. 40. Williams was sentenced to seventy (70) months incarceration.  D.E. 40, 29. Williams would argue that his counsel failed to represent him effectively. Additionally, Williams would argue that his counsel failed to present his objections to the PSR at sentencing, and that the court, although aware of Williams' objections, failed to address the same at sentencing.

### Statement of the Facts.

On December 2, 2011, a West Virginia State Trooper served arrest warrants at Williams residence for a misdemeanor charge of telephone harassment as to Williams and a grand larceny warrant as to Carla Daniels.  While serving the warrants, the trooper saw a rifle leaning against a wall in the office area of the residence.  He examined the firearm and found it was loaded.  Although Williams and Daniels were arrested, the firearm was not seized. The following day, the trooper ran a criminal history on Williams and learned he had a prior felony conviction as well as an active domestic violence protective order ("DVPO").  On

5

December 9, 2011, the trooper obtained 2 arrest warrants for Williams (for violation of a DVPO and for Person Prohibited from Possessing a Firearm) and a search warrant for the residence.

On December 11, 2011, the trooper executed the search warrant. Attendant to that search, the trooper seized three (3) firearms – a .22 caliber Remington rifle, a .22 caliber Sears (Winchester) rifle, and a .22/.410 caliber Savage combination gun, along with numerous .410 gauge shotgun shells and rounds of .22 caliber ammunition. On January 18, 2012, the trooper requested federal investigative assistance and transferred the firearms and ammunition to ATF S/A Kenneth Grace. S/A Grace requested federal prosecution assistance on March 1, 2012, after confirming Williams' felony conviction and active DVPO. S/A Grace also confirmed that the Sears (Winchester) rifle was reported stolen on November 3, 2011, from a residence where Williams had performed work on November 2, 2011. The United States conducted a Grand Jury investigation of the matter in April 2012, obtaining witness testimony.

On June 18, 2012, a federal Grand Jury in Elkins, West Virginia, returned a three-count Indictment against Williams. Count One charged Williams with being a person under a Domestic Violence Protective Order, who knowingly possessed three (3) firearms on December 11, 2011. Count Two charged Williams with being a convicted felon, who knowingly possessed three (3) firearms on December

6

11, 2011. Count Three charged Williams with knowingly and unlawfully possessing the stolen Sears (Winchester) rifle on December 11, 2011. The Indictment, filed in case number 2:12CR19, included a forfeiture allegation for the three (3) firearms. Unbeknownst to the United States and the ATF agent, on May 2, 2012, Williams had appeared in Randolph County, West Virginia, Magistrate Court and pleaded guilty to a misdemeanor charge of being a person prohibited from possessing a firearm. After learning of the related State prosecution, the United States moved to dismiss the federal indictment, and the Court granted the motion on July 10, 2012.

On March 5, 2013, Carla Daniels Williams[5] telephoned ATF S/A Ella Snyder to advise that Williams currently possessed another firearm within the residence the two shared. Carla Williams expressed fear for her personal safety if Williams learned she provided this information to authorities. Carla Williams did not know where Williams obtained the firearm, but advised she knew that Williams recently had performed work for CNC Restoration in Harrison, Lewis, Pleasants and Raleigh Counties. Carla Williams was able to email S/A Snyder, on or about March 7, 2013, a picture of the firearm and a compound bow. The picture shows the compound bow and the firearm, which appears to be a rifle, in a

---

[5] Carla Daniels Williams is the former Carla Daniels, against whom the grand larceny warrant was issued. Ms. Daniels was subsequently married to Mr. Williams.

gun cabinet in Williams' residence. The firearm depicted is a bolt action rifle with a black synthetic stock with a black scope mounted on top of it. A close-up photograph revealed the serial number on the firearm to be 0453515.

On March 8, 2013, Deputy Hudson, of the Harrison County Sheriff's Department, advised S/A Snyder that, around the end of November 2012, he received a complaint from Dona Scarff that a .22 rifle, compound bow, chain saw, and other items were stolen from her Jane Lew residence. Ms. Scarff advised that Chris Williams, with CNC Restoration, was one of the persons who had been in the residence. On March 12, 2013, S/A Grace contacted Ms. Scarff regarding the stolen firearm. She said she had purchased the firearm from Wal-Mart on Emily Drive in Clarksburg, Harrison County, West Virginia. S/A Grace also spoke with Scarff's husband, who said the firearm was a bolt action Savage rifle, .22 caliber, black in color with a synthetic stock. He also said it had a scope attached to it. The Scarffs did not have the serial number for the firearm.

On March 14, 2013, S/A Grace went to Wal-Mart in Clarksburg, West Virginia, and reviewed their Acquisition and Disposition book. An entry was located documenting the sale of a Savage rifle to Scarff on February 16, 2005. S/A Grace reviewed the Firearms Transaction Record, which documented the sale of a Savage rifle, model Mark II, .22 caliber, serial number 0453515, to Scarff on

the same date. This is the same serial number as on the firearm seen in the photographs taken at Williams' residence on March 7, 2013.

A federal search warrant for Williams' residence was obtained on March 15, 2013, along with a criminal complaint and arrest warrant for Williams with respect to his March 2013 possession of a firearm as a prohibited person, and his possession of a stolen firearm. The search warrant was executed, and the aforementioned Savage rifle was recovered from within the residence. Williams was immediately arrested and has remained in custody since that date. The Savage rifle was determined to meet the statutory definition of "firearm" and was not manufactured in West Virginia.

## SUMMARY OF ARGUMENT

Williams would assert that trial counsel's threat that if Williams did not accept the plea agreement as offered by the government, then Williams would be faced with a twenty (20) year sentence of incarceration constitutes ineffective assistance of counsel. Additionally, Williams would assert that his trial counsel's refusal to file an appeal, when Williams explicitly asked him to, constitutes *per se* ineffective assistance of counsel.

Secondly, Williams would assert that his *pro se* objections to the PSR were not prosecuted by his counsel, and that those objections were not even considered by the Court at sentencing.

9

# ARGUMENT

**ISSUE 1.** APPELLANT'S COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE.

### Standard of Review

Ineffective assistance claims may not be raised on direct appeal unless the record is conclusive. United States v. Baldovinos, 434 F.3d 233 (4th Cir. 2006). The benchmark for determining whether counsel has been constitutionally adequate is the two-prong test announced by the Supreme Court. United States v. Terry, 366 F.3d 312 (4th Cir. 2004); see Strickland v. Washington, 466 U.S. 668 (1984).

### Discussion of the Issue

Williams asserts that his trial counsel was constitutionally ineffective for two reasons: 1) Trial counsel erroneously informed Williams that if Williams did not accept the plea agreement offered by the government that he would be sentenced to twenty (20) years imprisonment; and 2) trial counsel failed to file an appeal, although Williams alleges that he requested that an appeal be filed.

Williams asserts that he signed the plea agreement only because of the threats by his trial counsel. Specifically, Williams asserts that his trial counsel told

him that if he did not sign the plea agreement that he would be incarcerated for twenty (20) years.[6]

Ineffective assistance claims may not be raised on direct appeal unless the record is conclusive. United States v. Baldovinos, 434 F.3d 233 (4th Cir. 2006). The benchmark for determining whether counsel has been constitutionally adequate is the two-prong test announced by the Supreme Court. United States v. Terry, 366 F.3d 312 (4th Cir. 2004); see Strickland v. Washington, 466 U.S. 668 (1984). The two-pronged test announced in Strickland is the benchmark in determining whether assistance of counsel has been constitutionally adequate, whether reached on direct appeal or in a post-conviction, 18 U.S.C. § 2255 proceeding. The two prongs of the Strickland test are the performance prong and the prejudice prong. Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). The first prong relates to professional competence. To satisfy the first prong, the defendant must show that counsel's representation fell below "an objective standard of reasonableness." Strickland, 466 U.S. 687-91. In making that determination, there is a strong presumption that counsel's performance was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689; Terry, 366 F.3d at 316-18.

---

[6]    In fact, the maximum penalty to which Williams was exposed was imprisonment for a term of not more than ten (10) years. Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

11

To satisfy the second prong of the <u>Strickland</u> test, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. <u>Id</u>. A defendant who alleges ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet. <u>Hill v. Lockhart</u>, 474 U.S. 52, 53-59 (1985); <u>Fields</u>, 956 F.2d 1290, 1294-99; <u>Hooper v. Garraghty</u>, 845 F.2d 471, 475 (4th Cir. 1988). When a defendant challenges a conviction entered after a guilty plea, the prejudice prong is slightly modified. <u>Id</u>. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. <u>Id</u>.

Obviously, the conversations between trial counsel and Williams are not part of the record.[7] Therefore, Williams' allegation that he was told that he either had to accept the plea agreement or serve twenty (20) years of incarceration cannot be verified by the record below. Because the conversations between trial counsel and Williams are not included in the record, the assertion that Williams' counsel failed to provide effective assistance does not conclusively appear from the record. Unfortunately, Williams attempt to raise the ineffective assistance of counsel

---

[7] Williams has submitted an affidavit in response to the government's motion to dismiss. That sworn document states that he was told by his counsel that he either sign the plea agreement or face twenty (20) years of incarceration. That affidavit is not contained in the record below.

12

claim, with regard to the plea agreement, on direct appeal must, therefore, fail. United States v. Baldovinos, 434 F.3d 233 (4th Cir. 2006); United States v. Alerre, 430 F.3d 681 (4th Cir. 2005); United States v. Vinyard, 266 F.3d 320 (4th Cir. 2001); United States v. Martinez, 136 F.3d 972 (4th Cir. 1998). A defendant cannot raise a claim on direct appeal relating to evidence not in the record below. United States v. Russell, 971 F.2d 1098 (4th Cir. 1992). Williams assertion of ineffective assistance of counsel, with regard to the plea agreement, must be prosecuted in an 18 U.S.C. § 2255 collateral challenge, if at all. See Martinez, 136 F.3d 972, 979-80.

Williams also asserts that he asked his counsel to file an appeal at the sentencing hearing. The record clearly depicts that an appeal was never filed by trial counsel. An attorney's failure to file an appeal, when requested by his client to do so, is *per se* ineffective assistance of counsel – irrespective of the merits of the appeal. See Evitts v. Lucey, 469 U.S. 387 (1995); Jones v. Barnes, 463 U.S. 745 (1983); Anders v. California, 386 U.S. 738 (1967). The fundamental decision of whether to appeal rests not with counsel, but with the defendant. Barnes, 463 U.S. 745, 751. Therefore, if, as Williams asserts, he directed his counsel to file an appeal, the failure of counsel to perform that task constitutes *per se* ineffective assistance. However, as in the issue discussed above, the district court record is

13

devoid of Williams' request.[8]  Because the record is devoid of Williams' request,

Williams' assertion of ineffective assistance of counsel, with regard to counsel's

failure to file an appeal, must also be prosecuted in a 18 U.S.C. § 2255 collateral

challenge, if at all.  See Martinez, 136 F.3d 972, 979-80.  Again, a defendant

cannot raise a claim on direct appeal relating to evidence not in the record below.

United States v. Russell, 971 F.2d 1098 (4th Cir. 1992).

Where a defendant does not request an appeal, counsel still has a

professional duty to consult with the client regarding whether to appeal.  Roe v.

Flores-Ortega, 528 U.S. 470 (2000); Hudson v. Hunt, 235 F.3d 892 (4th Cir. 2000).

The record below also does not reflect whether, or not, Williams was consulted

regarding appeal of his sentence.

**ISSUE 2.**    APPELLANT'S OBJECTIONS TO THE PSR WERE NOT
CONSIDERED AT SENTENCING.

### Standard of Review

Failure to object to sentencing errors in the district court constitutes a waiver

of the right to appeal those issues, in the absence of plain error.  United States v.

Walker, 112 F.3d 163, 166 (4th Cir. 1997).  In this case, there were no objections to

the PSR made at sentencing.  Therefore, in accordance with controlling precedent,

---

[8]  Again, one would reasonably expect that attorney-client protected conversations
would not be included as part of the record.

errors involving the PSR, if any, which occurred at sentencing are reviewed for plain error.

Williams would respectfully assert that failure of counsel to consult with his client regarding PSR objections, and the failure to prosecute PSR objections identified by his client, should be treated the same as counsel's failure to appeal a sentence when asked to do so.  See Evitts v. Lucey, 469 U.S. 387 (1995); Jones v. Barnes, 463 U.S. 745 (1983); Anders v. California, 386 U.S. 738 (1967)(an attorney's failure to file an appeal, when requested by his client to do so, is *per se* ineffective assistance of counsel – irrespective of the merits of the appeal). Specifically, Williams would assert that trial counsel's failure to submit and prosecute Williams' objections to the PSR constitutes *per se* ineffective assistance of counsel.

### Discussion of the Issue

The "draft" PSR was transmitted to counsel and to Williams.  Williams reviewed the PSR and forwarded his objections[9] to his counsel, the probation officer and to the Court.[10]  Williams would assert that his counsel never discussed the PSR with him.  Before receipt of the objections from Williams, Williams' counsel filed a "no objection" form with probation.  Williams' efforts to have

---

[9]    Williams' objections were three pages long, and included thirteen (13) objections.  The probation office received those objections on June 13, 2013.  The PSR was disclosed on May 31, 2013.

[10]  Williams' pro se objections to the PSR were not made part of the record below.

objections to the PSR addressed/entertained and prosecuted were essentially ignored. At sentencing, Williams' counsel stated that there were no objections to the PSR. That statement was made, notwithstanding the *pro se* objections of which counsel was aware. Not only was Williams' counsel made aware of the objections, but probation and the Court were also made aware.

The failure to address Williams' objections arguably constitutes plain error. See FED. R. CRIM. P., RULE 32(i)(1) & (3) ("new" objections are permissible, and the court must either rule on a dispute or determine that a ruling is unnecessary). To reverse for plain error the reviewing court must (1) identify an error, (2) which is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of the judicial proceedings. United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir. 1993). Even when plain error is clearly established, the reviewing court must decide whether to notice the error. United States v. Cedelle, 89 F.3d 181, 184-85 (4th Cir. 1996). When an error seriously affects the fairness, integrity or public reputation of judicial proceedings, discretion should be exercised by the appellate court. Id. If Williams' counsel, as Williams asserts, failed to consult with him regarding the errors identified by Williams, then the integrity and public reputation of the judicial proceedings is called into question. Similarly, if the Court, as Williams asserts, failed to mention, at a minimum, Williams' *pro se* objections to the PSR at sentencing, then the integrity

16

and public reputation of the judicial proceedings is further called into question. That premise is particularly poignant, because counsel, probation and the court were all made aware of the objections prior to sentencing.

Unfortunately, for Williams, his *pro se* objections to the PSR were not made a part of the record below.[11]   Therefore, specific argument regarding those objections cannot be made here, on direct appeal.  United States v. Russell, 971 F.2d 1098 (4th Cir. 1992) (defendant cannot raise a claim on direct appeal relating to evidence not in the record below).  Because the record is devoid of Williams' *pro se* objections, Williams' assertion of error, with regard to the PSR objections must be prosecuted in a 18 U.S.C. § 2255 collateral challenge, if at all.  See Martinez, 136 F.3d 972, 979-80.

**CONCLUSION**

After careful review of the record, and pursuant to Anders v. California, 386 U.S. 738 (1967), counsel is of the opinion that he has briefed all arguable issues, and that there is no legally non-frivolous issue to raise in this appeal.  Counsel respectfully requests that the Court conduct an independent review of the record to determine whether any justifiable issues or prejudicial errors have been overlooked.

---

[11]   The reason that the *pro se* objections were not incorporated into the record is unknown.  The objections were definitely received and appropriately cataloged in the probation officer's file.

17

A copy of this brief is being served upon the defendant.

RESPECTFULLY SUBMITTED,
CHRISTOPHER W. WILLIAMS,
By counsel,

/s/ Charles T. Berry
Attorney at Law
Post Office Box 5023
Fairmont, West Virginia  26554
(304) 363-3564
(304) 816-3117 FAX
cberrylaw@hotmail.com

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*3,956*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [     ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [     ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>March 10, 2014</u>              /s/ Charles T. Berry
                                        *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 10th day of March, 2014, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Shawn A. Morgan
> OFFICE OF THE U.S. ATTORNEY
> Clarksburg Federal Center
> 320 West Pike Street, Suite 300
> Clarksburg, West Virginia  26301
> (304) 623-7030
>
> *Counsel for Appellee*

I further certify I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court and a copy of the Brief of Appellant to be served, via U.S. Mail, postage prepaid, to the Appellant:

> Christopher W. Williams 08407-087
> FMC Lexington
> Post Office Box 14500
> Lexington, Kentucky  40512

/s/ Charles T. Berry
*Counsel for Appellant*